UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bayside Holdings, Ltd.,
Bayside House, Ltd., and
Bayside Pictet, Ltd.,

        Plaintiffs,

v.

Viracon, Inc., and
EFCO Corporation,

        Defendants.

Civil Action No. _____

## COMPLAINT

Plaintiffs Bayside Holdings, Ltd., Bayside House, Ltd., and Bayside Pictet, Ltd. (collectively "Bayside"), by and through their undersigned attorneys, state and allege as follows:

### Nature of the Action

1. This is an action for breach of contract, breach of warranty, fraud, negligent misrepresentation and negligence arising out of defective construction materials furnished by Defendants Viracon, Inc. ("Viracon") and EFCO Corporation ("EFCO") and incorporated into a construction project owned by Bayside on the island of New Providence, Bahamas.

### The Parties

2. Bayside Holdings, Ltd. is a Bahamian corporation having a principal place of business at The Bayside Executive Park, located at the corner of Blake Road and West Bay

Street on the island of New Providence, one of the islands of The Commonwealth of The Bahamas.

3. Bayside House, Ltd. is a Bahamian corporation having a principal place of business at The Bayside Executive Park, located at the corner of Blake Road and West Bay Street on the island of New Providence, one of the islands of The Commonwealth of The Bahamas.

4. Bayside Pictet, Ltd. is a Bahamian corporation having a principal place of business at The Bayside Executive Park, located at the corner of Blake Road and West Bay Street on the island of New Providence, one of the islands of The Commonwealth of The Bahamas.

5. Upon information and belief, Viracon is a Minnesota corporation having a place of business at 4400 West 78th Street, Suite 520 Minneapolis, MN 55435.

6. Upon information and belief, EFCO is a Missouri corporation having a place of business at 1000 County Road, Monett, MO 65708.

7. Upon information and belief, EFCO regularly transacts business in Minnesota, and lists the following Minnesota projects on its website: Grant Park Towers in Minneapolis, Minnesota; J.R. Ferche Office Building in Rice, Minnesota; and Medtronics Corporate Campus in Mounds View, Minnesota.

### Jurisdiction and Venue

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

## Facts

10. Viracon is a manufacturer of glass products, including "Viracon Hurricane Resistant Glass, HRG-2" comprised of a polycarbonate and polyurethane core laminated between plies of glass.

11. EFCO is a manufacturer of window systems, including "Series 6600 Fixed Window" and the "Series 5000 Curtain Wall" and a glass door system known as the "Series D-500 Outswing Doors".

12. Bayside is the owner of property located at the corner of Blake Road and West Bay Street on the Island of New Providence, Bahamas ("Property").

13. Bayside entered into a contract with Cavalier Construction Company Limited ("Cavalier") to construct on the Property, inter alia, three office buildings, a gate house and other ancillary work known as the Bay Side Commercial Development (the "Project").

14. Upon information and belief, Cavalier entered into a subcontract with Nassau Glass Company, Ltd. ("NGCL") for the Project.

15. Upon information and belief, NGCL entered into an agreement with EFCO for window products for the Project (the "EFCO Agreement").

16. Upon information and belief, NGCL and/or EFCO entered into an agreement with Viracon for glass products for the Project (the "Viracon Agreement").

17. By virtue of a Deed of Assignment dated September 23, 2011, NGCL assigned to Bayside the benefit of all contracts and warranties relating to the Project between NGCL and Viracon and EFCO and any cause of action and/or rights NGCL has or will have against Viracon and EFCO.

18. Viracon provided glass products (the "Viracon Products"), which were incorporated into the Project and the Property.

19. EFCO provided window products (the "EFCO Products"), which were incorporated into the Project and the Property.

20. After being incorporated into the Project and the Property, cracking and delamination appeared in the Viracon Products and EFCO Products. In response to queries made by Bayside and NGCL about possible defects in the Viracon Products and the EFCO Products, Viracon and EFCO responded that Bayside had used incompatible cleaning compounds on the Viracon Products and the EFCO Products, and that the Viracon Products and the EFCO products were not defective.

21. On October 19, 2009, Bayside received a report leading Bayside to believe that the Viracon Products and the EFCO Products are defective.

## COUNT I

### Breach of Contract – EFCO

22. Bayside repeats and incorporates the allegations set forth in paragraphs 1 to 21.

23. Among other things, the EFCO Agreement required EFCO to provide materials that were not defective.

24. The EFCO Products are defective.

25. The defects in the EFCO Products were concealed.

26. The defective EFCO Products have created unsafe conditions at the Property.

27. The defective EFCO Products have caused damage to improvements to real property.

28.     EFCO has breached the EFCO Agreement by, among other things, failing to provide materials that were not defective.

29.     As a direct and proximate result of EFCO's breaches of the EFCO Agreement, Bayside has suffered and continues to suffer damages in the principal amount of not less than $3,000,000.00 plus interest.

30.     Bayside has satisfied all conditions precedent to filing this action, if any.

## COUNT II

### Breach of Warranty – EFCO

31.     Bayside repeats and incorporates the allegations set forth in paragraphs 1 to 30.

32.     EFFO expressly and/or impliedly warranted, represented, and held out that the EFCO Products were free from defects.

33.     The EFCO Products are defective.

34.     The defects in the EFCO Products were concealed.

35.     The defective EFCO Products have created unsafe conditions at the Property.

36.     The defective EFCO Products have caused damage to improvements to real property.

37.     EFCO breached its warranty by failing to provide EFCO Products that were free from defects.

38.     As a direct and proximate result of EFCO's breaches of warranty, Bayside has suffered and continues to suffer damages in the principal amount of not less than $3,000,000.00 plus interest.

39.     Bayside has satisfied all conditions precedent to filing this action, if any.

## COUNT III

### Fraud – EFCO

40. Bayside repeats and incorporates the allegations set forth in paragraphs 1 to 39.

41. EFCO represented to Bayside that the EFCO products were not defective.

42. In or about 2002 or 2003, EFCO made representations to NGCL that the appearance of delamination and cracking of the EFCO Products incorporated into the Project and the Property was due to the use of incompatible cleaning compounds in the process of washing the windows and was not caused by any defect connected with the manufacturing of the EFCO Products.

43. Following a visit to the Project site, EFCO also made representations to Bayside that the appearance of delamination and cracking of the EFCO Products incorporated into the Project and the Property was due to the use of incompatible cleaning compounds in the process of washing the windows and was not caused by any defect connected with the manufacturing of the EFCO Products.

44. The EFCO Products are defective.

45. The defects in the EFCO Products were concealed.

46. The defective EFCO Products have created unsafe conditions at the Property.

47. The defective EFCO Products have caused damage to improvements to real property.

48. Whether the EFCO products were defective was a past or present material fact.

49. Whether the ECFO products were defective was susceptible of knowledge to EFCO.

50. EFCO knew that the ECFO products were defective.

51. EFCO knew that its representations to Bayside that the EFCO products were not defective were false.

52. EFCO made the false representations to NGCL and Bayside that the EFCO products were not defective to induce Bayside to act. Specifically, EFCO made the false representation in order to prevent Bayside from requiring EFCO to provide non-defective replacement products.

53. Bayside was induced not to require EFCO to provide non-defective replacement products and relied on EFCO's false representations.

54. As a direct and proximate result of relying on EFCO's false representations, Bayside has suffered and continues to suffer damages in the principal amount of not less than $3,000,000.00 plus interest.

55. Bayside has satisfied all conditions precedent to filing this action, if any.

## COUNT IV

### Negligent Misrepresentation - EFCO

56. Bayside repeats and incorporates the allegations set forth in paragraphs 1 to 39.

57. EFCO represented to Bayside that the EFCO products were not defective.

58. In our about 2002 and 2003, EFCO made representations to NGCL that that the appearance of delamination and cracking in the EFCO Products incorporated into the Project and the Property was due to the use of incompatible cleaning compounds in the process of washing the windows and was not caused by any defect connected with the manufacturing of the EFCO Products.

59. Following a visit to the Project site, EFCO also made representations to Bayside that that the appearance of delamination and cracking of the EFCO Products incorporated into the

Project and the Property was due to the use of incompatible cleaning compounds in the process of washing the windows and was not caused by any defect connected with the manufacturing of the EFCO Products.

60. The EFCO Products are defective.

61. The defects in the EFCO Products were concealed.

62. The defective EFCO Products have created unsafe conditions at the Property.

63. The defective EFCO Products have caused damage to the improvements to real property.

64. Whether the EFCO products were defective was a past or present material fact.

65. Whether the ECFO products were defective was susceptible of knowledge to EFCO.

66. EFCO made the representation that the EFCO products were not defective negligently without knowing whether that representation was true or false.

67. EFCO negligently made the false representation to NGCL and Bayside that the EFCO products were not defective to induce Bayside to act. Specifically, EFCO made the false representation in order to prevent Bayside from requiring EFCO to provide non-defective replacement products.

68. Bayside was induced not to require EFCO to provide non-defective replacement products and relied on EFCO's false representations.

69. As a direct and proximate result of relying on EFCO's false representations, Bayside has suffered and continues to suffer damages in the principal amount of not less than $3,000,000.00 plus interest.

70. Bayside has satisfied all conditions precedent to filing this action, if any.

## COUNT V

### Negligence - EFCO

71. Bayside repeats and incorporates the allegations set forth in paragraphs 1 to 39.

72. EFCO owed a duty to Bayside and NGCL to provide them with non-defective EFCO products.

73. The EFCO Products are defective.

74. The defects in the EFCO Products were concealed.

75. The defective EFCO Products have created unsafe conditions at the Property.

76. The defective EFCO Products have caused damage to the improvements to real property.

77. EFCO breached its duties to Bayside and NGCL by providing defective EFCO Products to them.

78. EFCO's breaches of its duties to Bayside and NGCL were the proximate cause of injury to the Property.

79. As a direct and proximate result of relying on EFCO's breaches of its duties to provide non-defective EFCO Products, Bayside has suffered and continues to suffer damages in the principal amount of not less than $3,000,000.00 plus interest.

80. Bayside has satisfied all conditions precedent to filing this action, if any.

## COUNT VI

### Breach of Contract – Viracon

81. Bayside repeats and incorporates the allegations set forth in paragraphs 1 to 21.

82. Among other things, the Viracon Agreement required Viracon to provide materials that were not defective.

83. The Viracon Products are defective.

84. The defects in the Viracon Products were concealed.

85. The defective Viracon Products have created unsafe conditions at the Property.

86. The defective Viracon Products have caused damage to the improvements to real property.

87. Viracon has breached the Viracon Agreement by, among other things, failing to provide materials that were not defective.

88. As a direct and proximate result of Viracon breaches of the Viracon Agreement, Bayside has suffered and continues to suffer damages in the principal amount of not less than $3,000,000.00 plus interest.

89. Bayside has satisfied all conditions precedent to filing this action, if any.

## COUNT VII

### Breach of Warranty – Viracon

90. Bayside repeats and incorporates the allegations set forth in paragraphs 1 to 21 and 81 to 89.

91. Viracon expressly and/or impliedly warranted, represented, and held out that the Viracon Products were free from defects.

92. The Viracon Products are defective.

93. The defects in the Viracon Products were concealed.

94. The defective Viracon Products have created unsafe conditions at the Property.

95. The defective Viracon Products have caused damage to improvements to real property.

96. Viracon breached its warranty by failing to provide Viracon Products that were free from defects.

97. As a direct and proximate result of Viracon's breaches of warranty, Bayside has suffered and continues to suffer damages in the principal amount of not less than $3,000,000.00 plus interest.

98. Bayside has satisfied all conditions precedent to filing this action, if any.

## COUNT VIII

### Fraud – Viracon

99. Bayside repeats and incorporates the allegations set forth in paragraphs 1 to 21 and 81 to 98.

100. Viracon represented to Bayside that the Viracon products were not defective.

101. In or about 2002 or 2003, Viracon made representations to NGCL that the appearance of delamination and cracking of the Viracon Products incorporated into the Project and the Property was due to the use of incompatible cleaning compounds in the process of washing the windows and was not caused by any defect connected with the manufacturing of the Viracon Products.

102. Following a visit to the Project site, Viracon also made representations to Bayside that that the appearance of delamination and cracking of the Viracon Products incorporated into the Project and the Property was due to the use of incompatible cleaning compounds in the process of washing the windows and was not caused by any defect connected with the manufacturing of the Viracon Products.

103. The Viracon Products are defective.

104. The defects in the Viracon Products were concealed.

105. The defective Viracon Products have created unsafe conditions at the Property.

106. The defective Viracon Products have caused damage to improvements to real property.

107. Whether the Viracon Products were defective was a past or present material fact.

108. Whether the Viracon Products were defective was susceptible of knowledge to Viracon.

109. Viracon knew that the Viracon Products were defective.

110. Viracon knew that its representations to NGCL and Bayside that the Viracon Products were not defective were false.

111. Viracon made the false representations to NGCL and Bayside that the Viracon Products were not defective to induce Bayside to act. Specifically, Viracon made the false representation in order to prevent Bayside from requiring Viracon to provide non-defective replacement products.

112. Bayside was induced not to require Viracon to provide non-defective replacement products and relied on Viracon's false representations.

113. As a direct and proximate result of relying on Viracon's false representations, Bayside has suffered and continues to suffer damages in the principal amount of not less than $3,000,000.00 plus interest.

114. Bayside has satisfied all conditions precedent to filing this action, if any.

## COUNT IX

### Negligent Misrepresentation - Viracon

115. Bayside repeats and incorporates the allegations set forth in paragraphs 1 to 21 and 81 to 98.

116. Viracon represented to Bayside that the Viracon products were not defective.

117. In or about 2003, Viracon made representations to NGCL that the appearance of delamination and cracking of the Viracon Products incorporated into the Project and the Property was due to the use of incompatible cleaning compounds in the process of washing the windows and was not caused by any defect connected with the manufacturing of the Viracon Products.

118. Following a visit to the Project site, Viracon also made representations to NGCL and Bayside that the appearance of delamination and cracking of the Viracon Products incorporated into the Project and the Property was due to the use of incompatible cleaning compounds in the process of washing the windows and was not caused by any defect connected with the manufacturing of the Viracon Products.

119. The Viracon Products are defective.

120. The defects in the Viracon Products were concealed.

121. The defective Viracon Products have created unsafe conditions at the Property.

122. The defective Viracon Products have caused damage to improvements to real property.

123. Whether the Viracon products were defective was a past or present material fact.

124. Whether the Viracon products were defective was susceptible of knowledge to Viracon.

125. Viracon negligently made the false representation that the Viracon products were not defective without knowing whether that representation was true or false.

126. Viracon made the false representation to NGCL and Bayside that the Viracon products were not defective to induce Bayside to act. Specifically, Viracon made the false

representation in order to prevent Bayside from requiring Viracon to provide non-defective replacement products.

127. Bayside was induced not to require Viracon to provide non-defective replacement products and relied on Bayside's false representations.

128. As a direct and proximate result of relying on Viracon's false representations, Bayside has suffered and continues to suffer damages in the principal amount of not less than $3,000,000.00 plus interest.

129. Bayside has satisfied all conditions precedent to filing this action, if any.

## COUNT X

### Negligence - Viracon

130. Bayside repeats and incorporates the allegations set forth in paragraphs 1 to 21 and 81 to 98.

131. Viracon owed a duty to Bayside and NGCL to provide them with non-defective Viracon Products.

132. The Viracon Products are defective.

133. The defects in the Viracon Products were concealed.

134. The defective Viracon Products have created unsafe conditions at the Property.

135. The defective Viracon Products have caused damage to improvements to real property.

136. Viracon breached its duties to Bayside and NGCL by providing defective Viracon Products to them.

137. Viracon's breaches of its duties to Bayside and NGCL were the proximate cause of injury to the Property.

138. As a direct and proximate result of relying on Viracon's breaches of its duties to provide non-defective Viracon Products, Bayside has suffered and continues to suffer damages in the principal amount of not less than $3,000,000.00 plus interest.

139. Bayside has satisfied all conditions precedent to filing this action, if any.

WHEREFORE, Bayside requests that this Court enter as follows:

1. On Counts I, II, and V, judgment in favor of Bayside and against EFCO in the amount of $3,000,000.00, plus pre- and post-judgment interest and Bayside's costs and attorneys' fees and any such other and further relief in Bayside's favor as this Court deems proper and just.

2. On Count III and, in the alternative, Count IV, judgment in favor of Bayside and against EFCO in the amount of $3,000,000.00, plus pre- and post-judgment interest and Bayside's costs and attorneys' fees and any such other and further relief in Bayside's favor as this Court deems proper and just.

3. On Counts VI, VII, and X, judgment in favor of Bayside and against Viracon in the amount of $3,000,000.00, plus pre- and post-judgment interest and Bayside's costs and attorneys' fees and any such other and further relief in Bayside's favor as this Court deems proper and just.

4. On Count VIII and, in the alternative, Count IX, judgment in favor of Bayside and against Viracon in the amount of $3,000,000.00, plus pre- and post-judgment

interest and Bayside's costs and attorneys' fees and any such other and further relief in Bayside's favor as this Court deems proper and just.

Respectfully submitted,

DATED: October 18, 2011

**FABYANSKE, WESTRA, HART & THOMSON, P.A.**

By: _____
M. T. Fabyanske (#28022)
Jesse R. Orman (#0310244)
800 LaSalle Avenue, Suite 1900
Minneapolis, MN 55402
Telephone: (612) 359-7600

and

Joseph A. McManus, Jr.
David J. Butzer
MCMANUS & DARDEN, L.L.P.
1155 Fifteenth Street, NW Suite 810
Washington, DC 20005
Telephone: (202) 296-9260

ATTORNEYS FOR PLAINTIFFS