UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bayside Holdings, Ltd.; Bayside House, Ltd.;
and Bayside Pictet, Ltd.,

               Plaintiffs,           **MEMORANDUM OPINION AND ORDER**

v.                                 Civil No. 11-3082 ADM/FLN

Viracon, Inc., and EFCO Corporation,

               Defendants.

_____

Joseph A. McManus, Jr., Esq., McManus Darden & Felsen LLP, Washington, DC, and Jesse R. Orman, Esq., Fabyanske Westra Hart & Thomson, PA, Minneapolis, MN, on behalf of Plaintiffs.

Richard G. Morgan, Esq., and Michael R. Carey, Esq., Bowman & Brooke LLP, Minneapolis, MN, on behalf of Defendant Viracon, Inc.

Patrick M. Biren, Esq., Brownson & Ballou, PLLP, Minneapolis, MN, on behalf of Defendant EFCO Corporation.

_____

## I. INTRODUCTION

On March 21, 2012, the undersigned United States District Judge heard oral arguments on Defendant Viracon, Inc.'s ("Viracon") Motion to Dismiss [Docket No. 11], Defendant EFCO Corporation's ("EFCO") Motion for Summary Judgment [Docket No. 13], and Plaintiffs Bayside Holdings, Ltd., Bayside House, Ltd., and Bayside Pictet, Ltd.'s (collectively, "Bayside") Motion to Amend Complaint [Docket No. 29]. For the reasons set forth below, Viracon's Motion to Dismiss is granted, EFCO's Motion for Summary Judgment is granted, and Bayside's Motion to Amend Complaint is denied.

## II.  BACKGROUND[1]

Plaintiffs are three related Bahamian corporations with their principal place of business at the Bayside Executive Park on the Island of New Providence in the Bahamas.  Compl. [Docket No. 1] ¶¶ 2–4.  Viracon is a Minnesota corporation that manufactures glass products.  Compl. ¶¶ 5, 10.  EFCO is a Missouri corporation that manufactures window systems, curtain walls, and glass door systems.  Compl. ¶¶ 6, 11.

Bayside owns property on the Island of New Providence.  Compl. ¶ 12.  Bayside entered into a contract to construct a commercial development on the property.  Compl. ¶ 13.  Nassau Glass Company, Ltd. ("Nassau Glass") was hired as a subcontractor for the development.  Compl. ¶ 14.  Defendant EFCO and Nassau Glass entered into an agreement for EFCO to supply window products for the development.  Compl. ¶ 15.  The EFCO products ultimately installed in the development used glass products manufactured by Defendant Viracon.  See Aff. of Jesse Orman in Supp. of Pls.' Mot. to Amend [Docket No. 31] Ex. A ("Am. Compl.") ¶ 15.

Of particular concern for the development was the use of hurricane-resistant windows and glass.  See Decl. of Lawrence H. Glinton [Dovket No. 28] ("Glinton Decl.") ¶¶ 7, 9.  Viracon manufactured a glass known as "Viracon Hurricane Resistant Glass, HRG-2," which is made of a polycarbonate and polyurethane "interlayer" sandwiched between plies of glass.  See Compl. ¶ 10.  "Viracon Hurricane Resistant Glass, HRG-2 " was the glass used in the development. Aff. of Patrick M. Biren in Supp. of Def. EFCO Corp.'s Mot. Summ. J. [Docket

---

[1] On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party.  Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). Although Viracon's motion is a motion to dismiss, the motion will be converted to one for summary judgment, as discussed below.

No. 22] ("Biren Aff.") Ex. D (discussing glass problems at development with subject line "VIRACON HRG2 – BAY SIDE PROJECT").

In August 2000, the commercial development was substantially completed. Glinton Decl. ¶ 5. In May 2002, Bayside noticed cracks, each approximately three to five inches long, in three panels of glass at the development. Biren Aff. Ex. D. Nassau Glass replaced the panels, and upon inspection discovered the glass itself was not cracked but the interlayers were. Id. A fourth panel was replaced shortly after the discovery of the cracking. Biren Aff. Ex. E.

In April 2003, Bayside reported to Nassau Glass problems with water infiltration in thirty windows in the development. Biren Aff. Ex. F. Nassau Glass relayed Bayside's concerns to EFCO. Id. Nassau Glass then sent EFCO a piece of glass for analysis. Biren Aff. Ex. G. At that time, nine more windows had cracked interlayers and were awaiting replacement. Biren Aff. Ex. H. Also in April 2003, representatives of Bayside, Nassau Glass, EFCO, and Viracon met at the development. Glinton Decl. ¶¶ 11-12. EFCO and Viracon both represented that they did not know the cause of the problems and would investigate further. Id. ¶¶ 13–14. Around this time, Nassau Glass informed Bayside that the cause of the problems was the use of incompatible cleaning compounds in washing the windows, and not a defect in the manufacturing of the glass or windows. Id. ¶ 16.

On December 16, 2003, Bayside sent a letter to Nassau Glass again detailing problems with the windows. Biren Aff. Ex. J. In particular, Bayside noted that EFCO windows would leak during routine washing or rain, EFCO windows showed cracks and delamination, and EFCO curtain windows showed varying degrees of delamination. Id. Bayside was skeptical that the problems were due to cleaning chemicals. Specifically, Basyside noted that (1) it had

followed the directions on Viracon's website to use only mild detergents and (2) delamination had occurred even on windows that had never been washed. Id. In September 2004, EFCO sent Nassau Glass a letter stating "It is our opinion that the defects in both the window and curtain wall glass are one and the same, caused by a defect in the manufacture of the glass . . . ." Biren Aff. Ex. L. Nassau Glass never relayed this information from EFCO to Bayside. See Glinton Decl. ¶¶ 16–17.

Viracon and EFCO provided five-year warranties for their products. Am. Compl. ¶¶ 24–25. On April 3, 2005, Nassau Glass sent a fax to EFCO seeking to resolve issues related to the cracking and delamination problems. Biren Aff. Ex. N. In the fax, Nassau Glass acknowledged that "there will be no extended warranty on the replacement glazing that we have received for this project." Id. at EFCO0167. On June 6, 2006, EFCO sent Nassau Glass a letter declining to provide replacement glass for the development and noted "EFCO Corporation's warranty period for this project has expired." Biren Aff. Ex. O. In response, Nassau Glass sent EFCO a letter disputing EFCO's liability for damages arising from defective EFCO products. Biren Aff. Ex. P.

On August 7, 2009, Glazing Consultants International, LLC ("Glazing Consultants") inspected Bayside's commercial development. Carey Decl. [Docket No. 20] Ex. A at 1. On October 19, 2009, Glazing Consultants issued a revised report of the results of its inspection. Id. Glazing Consultants concluded that the glass used in the development would not be able to perform as intended during hurricane conditions due to the delamination and cracking interlayers. Id. at 3. On September 23, 2011, Nassau Glass assigned any claims against EFCO and Viracon to Bayside. Compl. ¶ 17. On October 18, 2011, the present action ensued. Bayside

now alleges that the cracking and delamination were due to thermal expansion or chemical contamination either at EFCO's factory or in shipping crates used by Viracon.

### III.  DISCUSSION

#### A.  Conversion to Summary Judgment

Viracon's Motion to Dismiss is made under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").  EFCO's Motion for Summary Judgment, made under Rule 56 of the FRCP, followed the same day.  Generally, motions under Rule 12 are constrained to considering the allegations in the Complaint only.  Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992) ("[A] 12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint.").  Under Rule 12(d), however, the Court may convert a motion under Rule 12(b)(6) to a motion for summary judgment under Rule 56 if all parties are given a reasonable opportunity to present all material pertinent to the motion.  Fed. R. Civ. P. 12(d).  At oral argument, the Court stated it was considering converting Viracon's motion to one for summary judgment and provided Bayside with an opportunity for further briefing.  Because matters outside the pleadings will be considered and Bayside has had notice and the opportunity to present pertinent material (and, in fact, submitted a supplemental memorandum, an additional affidavit, and an additional declaration), the Court will convert Viracon's motion to one for summary judgment.

#### B.  Standards of Review

Rule 56(a) of the FRCP provides that summary judgment shall issue "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Matsushita Elec. Indus. Co., Ltd. v.

Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig, 54 F.3d at 470.  The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. Cnty. of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

In addition to EFCO and Viracon's motions, Bayside moves for leave to amend its Complaint.  Rule 15 of the FRCP provides that leave to amend the pleadings should be liberally granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave to amend, however, is properly denied where amendment is futile.  See Zutz v. Nelson, 601 F.3d 842, 850-52 (8th Cir. 2010).

**C.  Tort and Contract Claims**

The parties do not dispute that Minnesota procedural law, including its statutes of limitations and repose, apply.  Under Minnesota law:

> Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property . . . arising out of the defective and unsafe condition of an improvement to real property, shall be brought . . . more than two years after discovery of the injury, nor in any event shall such a cause of action accrue more than ten years after substantial completion of the construction.

Minn. Stat. § 541.051, subd. 1(a).  "Thus, the statute of limitations begins to run when an actionable injury is discovered or, with due diligence, should have been discovered, regardless of whether the precise nature of the defect causing the injury is known." Dakota Cnty. v. BWBR Architects, 645 N.W.2d 487, 492 (Minn. Ct. App. 2002) (citations omitted).  "Under this rule, the plaintiff need not be aware of the full extent of

6

its injury, so long as it is aware of some injury." Minch Family LLLP v. Estate of Norby, 652 F.3d 851, 858 (8th Cir. 2011).

Section 541.051 permits an action to be brought more than two years after the discovery of the injury "where fraud is involved." Minn. Stat. § 541.051, subd. 1(a). Fraud, however, is only relevant when it prevents a plaintiff from learning of its injury. BWBR Architects, 645 N.W.2d at 494. The statute of limitations will be tolled due to fraudulent concealment if the plaintiff can show: (1) a statement or statements that concealed the potential cause of action, (2) the statement or statements were intentionally false, and (3) the concealment could not have been discovered by reasonable diligence. Williamson v. Prasciunas, 661 N.W.2d 645, 650 (Minn. Ct. App. 2003).

Bayside's claims are time-barred because it should have known of its injury, or could have discovered its injury with reasonable diligence, prior to October 18, 2009. To begin, some nuance regarding Bayside's claims must be addressed. The Complaint, on its face, is unclear as to which claims Bayside is asserting directly, which claims Bayside is asserting as assignee of Nassau Glass, and which claims are asserted on both bases.

To the extent Bayside is asserting any claims as assignee of Nassau Glass, the claims are time-barred. "An assignment operates to place the assignee in the shoes of the assignor, and provides the assignee with the same legal rights as the assignor had before assignment." Ill. Farmers Ins. Co. v. Glass Service Co., 683 N.W.2d 792, 803 (Minn. 2004) (citation omitted); see also Restatement (Second) of Contracts § 336 (1981). Any claims Bayside asserts on behalf of Nassau Glass, therefore, must be analyzed as if

7

Nassau Glass were the plaintiff.  Nassau Glass discovered, or should have discovered, its injury at the latest in September 2004.  In September 2004, EFCO sent Nassau Glass a letter stating "It is our opinion that the defects in both the window and curtain wall glass are one and the same, caused by a defect in the manufacture of the glass . . . ."  Biren Aff. Ex. L.  Due diligence on the part of Nassau Glass would have revealed an actionable injury in September 2004, and Viracon and EFCO are entitled to summary judgment on any of Nassau Glass's claims.

Claims asserted directly by Bayside are also time-barred.  As early as 2002, Bayside noticed delamination and cracking in the windows at its development.  By April 2003, some thirty windows were leaking and nearly a dozen had been replaced.  Bayside argues that its injury is the lack of hurricane-resistance of the windows, not the cracking, leaking, and delamination.  However, the statute of limitations does not accrue when the full and precise extent of the injury is known, but rather when an actionable injury is known or should be known through due diligence.  BWBR Architects, 645 N.W.2d at 492.  By April 2003, widespread delamination, leaking, and cracking was evident, and Bayside should have known it had *some* actionable injury, regardless of whether the full extent of that injury, the lack of hurricane-resistance, was known.  Furthermore, had Bayside exercised due diligence at the time, such as by hiring Glazing Consultants or a similar company then rather than in 2009, it likely would have discovered the full extent of its injuries.  See Carey Decl. Ex. A at 3 ("The glass inspected has delaminated and the interlayer is cracking.  *Consequently*, the glass may no longer be able to perform as intended during hurricane conditions.") (emphasis added).

Finally, if EFCO's representations that the problems were caused by cleaning chemicals were false and made intentionally to conceal Bayside's causes of action, such concealment could have been discovered through reasonable diligence. By December 2003, it is undisputed Bayside was skeptical of the cleaning compound theory because it used only mild detergent and windows that had never been washed were exhibiting symptoms. Biren Aff. Ex. J. No explanation is offered as to why Bayside then waited more than five years to consult a neutral party about the problems. Bayside has not demonstrated reasonable diligence. No genuine issue of material fact exists–Bayside should have discovered its cause of action prior to October 18, 2009. Therefore, its claims are time barred, and Viracon and EFCO are entitled to summary judgment on Bayside's tort and contract claims.

**D.  Breach of Warranty Claims**

The two-year discovery of injury rule of § 541.051 applies to all Bayside's claims except those premised on breach of an express written warranty. See Minn. Stat. § 541.051, subd. 4 (exempting claims premised on certain statutory warranties or express written warranties from timeliness requirements for other causes of action based on improvements to real property). Rather, a breach of warranty claim must be brought within two years of the discovery of the *breach*. Id. (emphasis added). "[I]n the case of warranties that extend to future performance, there is no breach until the person relying on the warranty discovers, or should have discovered, that the warranty will not be honored." Gomez v. David A. Williams Realty & Const., Inc., 740 N.W.2d 775, 782 (Minn. Ct. App. 2007) (citing Vlahos v. R & I Constr. of Bloomington, Inc., 676 N.W.2d

672, 678 (Minn. 2004)). Therefore, a breach need not be discovered within a warranty period for the claim to be timely. Koes v. Advanced Design, Inc., 636 N.W.2d 352, 359 (Minn. Ct. App. 2001).

Bayside alleges Viracon and EFCO each provided five-year warranties for their products. Am. Compl. ¶¶ 24–25. Bayside does not clarify whether the warranties were made to it or to Nassau Glass. To the extent any claim is premised on an express written warranty from EFCO to Nassau Glass, EFCO is entitled to summary judgment. On June 6, 2006, Nassau Glass was notified EFCO would no longer honor its warranty. Biren Aff. Ex. O. Therefore, Bayside's claim is time-barred.

To the extent the claims are premised on any other warranties, EFCO and Viracon are entitled to summary judgment. First, no evidence of any written express warranties has been offered. The only evidence offered by Bayside of other warranties is a discussion between Viracon and EFCO. See Aff. of Jesse Orman in Supp. of Pls.' Supplemental Mem. of Opp. to Viracon's Converted Mot. for Summ. J. [Docket No. 43] Exs. 2–4. Those documents on their face, however, relate to payment disputes between Viracon and EFCO. See id. None provide any insight into the existence of any written express warranties from Viracon to Bayside, Viracon to Nassau Glass, or EFCO to Bayside. Without any evidence of such warranties or their terms, Bayside's breach of warranty claims fail.

Furthermore, even if express written warranties exist, Bayside's claims are time-barred. Bayside alleges that a "timely warranty claim was made to EFCO in or before 2003." Am. Compl. ¶ 71. Bayside similarly alleges that a "timely warranty claim was

made to Viracon in or before 2003." Am. Compl. ¶ 151. It is undisputed that those claims were not honored. Bayside argues, however, that misrepresentations prevented it from discovering the breach. As discussed above, had Bayside exercised due diligence it would have discovered the defects in the window or glass manufacturing. Had it done so, it would have also discovered EFCO and Viracon were improperly failing to honor their warranties. Therefore, the statute of limitations for the breach of warranty claim began to run prior to October 18, 2009, and the claims are time-barred. EFCO and Viracon are entitled to summary judgment of Bayside's breach of warranty claims as well.

### E. Motion for Leave to Amend

Bayside's proposed amendments are futile. No genuine issues of material fact exist to support Bayside's claims, and the proposed amendments do not alter that result. Therefore, Bayside's motion is denied.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Viracon's Motion to Dismiss [Docket No. 11] is **GRANTED** and Defendant EFCO's Motion for Summary Judgment [Docket No. 13] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 26, 2012.